Kimberly KIELY

v.

HONEYWELL, INC.

No. 98–90–Appeal.

Supreme Court of Rhode Island.

April 15, 1999.

Michael H. Feldhuhn, Providence.

Mark W. Freel, Kimberly Ann O'Connell, Providence.

**ORDER**

This case came before the Court on April 6, 1999 pursuant to an order directing both parties to appear and show cause why the issues raised by the plaintiff's appeal from a final judgment following a jury verdict in favor of the defendant should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

On April 7, 1990, the plaintiff, Kimberly Kiely (Kiely), sustained severe burn injuries resulting from a fire that unexpectedly ignited in a private home where she resided as a tenant. She attributed the proximate cause of her injuries to the failure of a smoke detector to properly function and give warning of the fire and smoke. The smoke detector had been designed and manufactured by the defendant, Honeywell, Inc. (Honeywell). She commenced a civil product liability action for damages in the Superior Court against Honeywell.

At trial before a jury in the Superior Court, Kiely asserted that Honeywell's design of its smoke detector was defective, the defect being that if the cover enclosing the unit was removed or not securely fastened, the smoke detector, without emitting or displaying any warning, was rendered completely inoperative. That defective design she claimed was compounded by the fact that Honeywell's instructions to purchasers of its smoke detector required periodic removal of the unit's cover for cleaning and testing purposes and that the unit itself neglected to provide for any manner of warning that would alert the user to the fact that the cover had not been properly affixed after cleaning or testing. She presented evidence to show that Honeywell also manufactured the same smoke detector for sale in Canada, but the Canada version of the same unit was able to function even when the unit's cover had been removed or was not securely fastened.

During the trial, Alexander J. Patton (Patton), who held a doctorate degree in engineering and who had investigated fires, fire-related injuries and fire-related injuries caused by defective products for twenty-four years, testified as an expert for Kiely. Based upon his expert knowledge and background, Patton was permitted to testify that the Honeywell smoke detector in use at the scene of the fire was defective in its design because it could not function when its cover was removed or was not securely fastened to the unit.

Vincent A. Calenda (Calenda), a captain in the Warren Fire Department, also testified for Kiely. Calenda was one of the firefighters who had responded to the fire that injured Kiely on April 7, 1990. At trial, he testified regarding his twenty-four years of experience with the Warren Fire

Department and also that he had worked for many years as a fire investigator for a private company. He testified that during his fire fighting career he had investigated over 1300 fires and had, as a result, become familiar with dozens of different smoke detector designs. Calendar testified that when he investigated the fire scene he discovered that the cover of the smoke detector was not on the unit and that, as a result, during the fire the unit had been unable to function properly. Further, Calenda testified that, in his twenty-four years as a firefighter, he had never "before seen a smoke detector that would be disabled if the plastic cover was not on."

Kiely contends here on appeal, however, that she should have been allowed to specifically elicit from Calenda an expert opinion, pursuant to Rule 702 of the Rhode Island Rules of Evidence, as to whether the design of the smoke detector was defective and less safe than the unit sold by Honeywell in Canada. The trial justice had sustained Honeywell's objection to permitting Calenda to give that opinion. Although we are mindful of the tragic circumstances that have led to Kiely's Superior Court action, we nevertheless conclude that the trial justice did not abuse his discretion in sustaining Honeywell's objection to Calenda's proffered opinion testimony.

The testimony that Kiely sought to elicit from Calenda had already been testified to by Patton, was in the trial record and was before the jury during their deliberation. Calenda had also been permitted to earlier testify that throughout his many years of investigating fires that he had never before encountered a smoke detector designed as was the Honeywell smoke detector involved in this case. Moreover, Patton, a highly qualified expert witness, had also testified that the Honeywell smoke detector involved in this case was defectively designed. Any further opinion testimony from Calenda would have been merely cumulative of the testimony al-

ready contained in the record and would not have further assisted the jury in their deliberations. "This Court will not disturb a trial justice's ruling on the admissibility of expert testimony absent an abuse of discretion." *Gallucci v. Humbryd,* 709 A.2d 1059, 1064 (R.I.1998). On the record before us, we conclude that the trial justice in this case did not abuse his discretion in sustaining Honeywell's objection to Calenda's proffered opinion testimony.

Accordingly, for all the foregoing reasons, Kiely's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.

Justice FLANDERS did not participate.